STATE, JERSEY CITY GASLIGHT COMPANY, PROSECUTORS,
v. MAYOR AND ALDERMEN OF JERSEY CITY.

The shares of stock of the Hudson County Gaslight Company owned by the Jersey City Gaslight Company, are taxable.

On *certiorari.*

This writ brings up an assessment for taxes made in Jersey City, against the prosecutors.

There is nothing in the charter of the Jersey City Gaslight Company in regard to taxation. This corporation, by a supplement to their charter, passed in 1852, were authorized to lay pipes in the city of Hoboken.

In the year 1864, they sold out their property, situated in Hoboken, to the Hudson County Gaslight Company, and took stock of the last-mentioned company, amounting to $99,000, in payment for such sale.

For the amount of this stock, the prosecutors have been assessed, the legality of which they desire to test.

Argued at June Term, 1883, before Justices SCUDDER, REED and MAGIE.

For the prosecutors, *J. B. Vredenburgh.*

For the defendants, *A. L. McDermott.*

The opinion of the court was delivered by

REED, J. The single question presented by this record is whether, under the present condition of the law concerning taxes, the shares of capital stock of a corporation held by a third party are assessable.

This corporation holds shares representing, in par value, $99,000 of the stock of another corporation.

The assessment levied upon them for the value of these shares, they claim is illegal.

A reference to the course of legislation concerning the subject of the taxing of corporations, discloses the following history: Previous to 1866, corporations, except banks, unless containing a clause in their charters exempting them, were taxable in the same manner as individuals.

At the same time, all the stock in these corporations was taxable in the hands of the holder, by an assessment upon him. *Nix. Dig.* (1855,) *p.* 801, § 61.

By the act of 1866, section 15, contained in the *Revision*, *p.* 1156, it was provided that all private corporations of this state, except banking institutions, shall be assessed for the full amount of their capital stock paid in and accumulated surplus, but any real estate which such corporations may own in any other state than this state, shall not be liable to be estimated in such accumulated surplus, and the persons holding the capital stock of such corporations shall not be assessed therefor.

The law so stood until the act of 1875, (*Rev., p.* 174), which, as amended by the act of 1878, (*Pamph. L., p.* 61,) provided that all the real and personal property of every corporation shall be taxed the same as the real and personal property of

McKevitt v. Hoboken.

an individual. Then follows a proviso excepting certain corporations.

The next section repeals all acts and parts of acts conflicting with this act. It is said that, inasmuch as the acts of 1875 and 1878 are supplements to the act concerning corporations, and the clause exempting stock held by individuals was not contained in the act concerning corporations, but in the act concerning taxes, that, therefore, the acts of 1875 and 1878 did not expressly repeal anything contained in the taxes statute.

But no one would hesitate for a moment, to concede that the plan of taxing corporations was radically changed by the later acts, and so they repealed, by implication, the method of taxation contained in the clause in the act of 1866. *State, Golding, pros.,* v. *Chambersburg,* 8 *Vroom* 258.

The only question is whether the repeal of the method of taxation, contained in the fifteenth section of the act of 1866, carried with it the extinguishment of the exemption of capital stock held by individuals. I think it does. It is a part of the former scheme, and dependent upon it. It is apparent that it is because the company is assessed for the amount of its capital stock paid in, without regard to the value of its property, that such capital stock shall not be assessed elsewhere. By logical sequence, as well as by punctuation, the whole section is a unit, and the repeal of the system upon which the incidents, among which is the exemption now claimed, depend, operates as a repeal of all.

The assessment must be affirmed.